# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE )<br><br>RONALD A. IVIE, JR., )<br><br>  Debtors. )<br>_____ )<br>  )<br>NORTH SKY COMMUNICATIONS, )<br>INC., )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>RONALD A. IVIE, JR., and )<br>ID CONSULTING SOLUTIONS, )<br>LLC, )<br>  )<br>  Defendants. )<br>_____ ) | Case No. 16-00374-TLM<br><br>Chapter 7<br><br><br><br><br><br>Adv. No. 16-06018-TLM |

### MEMORANDUM OF DECISION
_____

North Sky Communications, Inc. ("Plaintiff") brought this adversary

proceeding seeking to except its debt from the discharge of chapter 7 debtor

Ronald A. Ivie, Jr. ("Debtor").[1]  Debtor received his discharge on July 6, 2016.

Case No. 16-00374-TLM at Doc. No. 32.  Plaintiff's cause is alleged under

---

[1]  Unless otherwise indicated all statutory references are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532.  All "Rule" references are to the Federal Rules of Bankruptcy Procedure, and those to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

§ 523(a)(2)(A), (a)(4) and (a)(6).  Plaintiff also named ID Consulting Solutions,

LLC ("IDCS") as a defendant.

As alleged in the Second Amended Complaint, Adv. Doc. No. 13 ("SAC"),

a state court judgment was entered in favor of Plaintiff and against IDCS on March

31, 2016, for $1,395,972.99.  *See id.* at 7; *see also* Adv. Doc. No. 13-4 (judgment).

Plaintiff contends in its First Claim for Relief that the debt reflected by the

judgment is nondischargeable under § 523(a)(2)(A) on the basis of fraud, and that

the corporate veil of IDCS should be pierced, making Debtor liable therefore.

SAC at 8–10.  In its Second Claim for Relief, Plaintiff alleges such debt is

nondischargeable under § 523(a)(4) as being in the nature of larceny or

embezzlement and, again, that the corporate veil should be pierced or disregarded

establishing Debtor's liability.  *Id.* at 10–12.  The Third Claim for Relief, similarly

seeks to pierce the veil and impose a judgment against Debtor under § 523(a)(6) on

the basis that Debtor caused a willful and malicious injury.  *Id.* at 13–15.

Debtor answered, and denied, the SAC.  Adv. Doc. No. 14.  IDCS filed a

motion to dismiss, Adv. Doc. No. 15 ("Dismissal Motion").  IDCS contends the

SAC fails to state a claim against it and dismissal is proper under Civil Rule

12(b)(6) incorporated by Rule 7012.

The Dismissal Motion was heard on September 19, 2016, and taken under

advisement.

This Court recently summarized:

MEMORANDUM OF DECISION - 2

This Court has observed that "a complaint attacked under [Civil] Rule 12(b)(6) needs to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests' and does not need detailed factual allegations, though it must set forth more than mere labels and conclusions." *Gugino v. Orlando (In re Ganier)*, 09.1 IBCR 17, 17 (Bankr. D. Idaho 2009) (quoting *Gibson v. Ada County*, 2008 WL 4889895 at *2 (D. Idaho Nov. 12, 2008)). Indeed, "a formulaic recitation of the elements of a cause of action will not do," and instead, the factual allegations in the complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put another way, "'[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements' are not entitled to the assumption of truth." *Gugino v. Nelmap, LLC (In re Wallace)*, 13.2 IBCR 61, 62 (Bankr. D. Idaho 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In considering a motion to dismiss, the Court must consider all allegations of material fact in the complaint as true and construe them in the light most favorable to the plaintiff. *Gugino v. Wells Fargo Bank Northwest, N.A. (In re Lifestyle Home Furnishings, LLC)*, 09.2 IBCR 41, 42 (Bankr. D. Idaho 2009). In addition, while the Court generally may not consider extraneous material in resolving a motion to dismiss, it may consider exhibits to the complaint, or documents to which the complaint refers. *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996)); *Gugino v. Orlando*, 09.1 IBCR at 17.

*Torres v. Nicholas (In re Nicholas)*, 556 B.R. 465, 469–70 (Bankr. D. Idaho 2016).

IDCS' argument is that the gravamen of all three of the SAC's causes of action is that debts are owed by Debtor and those debts should not be discharged in his chapter 7 case. IDCS emphasizes that there is no relief, as such, sought against it. IDCS is not a debtor in bankruptcy. Its debt to Plaintiff is already established by judgment. Adjudication of its liability to Plaintiff is not an element

MEMORANDUM OF DECISION - 3

at issue in this adversary proceeding.  IDCS argues that, however liberally the

SAC might be construed, it does not state a claim of any sort against IDCS.  Adv.

Doc. No. 16 (brief).

Plaintiff's response, Adv. Doc. No. 20, acknowledges that "[p]iercing the

corporate veil is the judicial act of imposing personal liability on otherwise

immune corporate officers, directors, and shareholders for the corporation's

wrongful acts."  *Fetty v. DL Carlson Enters., Inc. (In re Carlson)*, 426 B.R. 840,

850 (Bankr. D. Idaho 2010) (quotations omitted).  Further, "[a]n action to pierce

the corporate veil is 'not itself an independent . . . cause of action, but rather is a

means of imposing liability on an underlying cause of action.'"  *Crawforth v.*

*Wheeler (In re Wheeler)*, 444 B.R. 598, 608 (Bankr. D. Idaho 2011) (*quoting*

*Peacock v. Thomas*, 516 U.S. 349, 354 (1996); *Semmaterials, L.P. v. Alliance*

*Asphalt, Inc.*, 2008 WL 161797, *3 (D. Idaho Jan. 15, 2008)).  In short, a veil

piercing claim is a "remedy that, without an underlying substantive cause of

action, does not lead to substantive relief."  *Gugino v. Clark's Crystal Springs*

*Ranch, LLC (In re Clark)*, 525 B.R. 107, 126 (Bankr. D. Idaho 2014) (quotations

omitted).

Though readily acknowledging these authorities, Plaintiff argues that it is

proper to include IDCS as a party, and that it has avoided the problem of asserting

veil-piercing as a separate cause of action by folding that contention within each

of its three § 523(a) claims for relief.  But what this construct ignores is the fact

MEMORANDUM OF DECISION - 4

that the § 523(a) causes of action are here, and can only be, asserted personally

against an individual debtor.

The simple answer is that Plaintiff has alleged causes of action under

§ 523(a)(2)(A), (a)(4) and (a)(6) against Debtor.  To the extent Plaintiff cannot tie

those causes to Debtor's personal conduct, but instead (or also) points to IDCS'

conduct, it will have to prove—at its trial against Debtor seeking a § 523(a)

judgment—that IDCS' separate identity should be ignored and the veil pierced so

as to render Debtor liable for an obligation.[2]  As this Court has noted, veil piercing

is not a cause of action.  But it the sole cause asserted against IDCS.  Thus, the

SAC fails to state a claim against IDCS upon which the Court may grant relief.

Therefore, the Court finds the Dismissal Motion well taken, and it will be

granted.  An appropriate order will be entered.

DATED:  October 24, 2016



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[2]  Of course, it must also prove the elements necessary for a judgment under § 523(a)
holding the debt is excepted from discharge.

MEMORANDUM OF DECISION - 5