# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 16-00374-TLM |
| RONALD A. IVIE, JR., ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| _____ ) | |
| ) | |
| NORTH SKY COMMUNICATIONS, ) | |
| INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 16-06018-TLM |
| ) | |
| RONALD A. IVIE, JR., and ) | |
| ID CONSULTING SOLUTIONS, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

Before the Court is a question of the amount of attorneys' fees and costs to be allowed to North Sky Communications, Inc. ("Plaintiff"), for successfully bringing a motion to compel discovery against Ronald Ivie ("Defendant"). *See* Doc. Nos. 25 ("Motion") and 28 (January 23, 2017 minute entry). Plaintiff filed its affidavit of attorneys' fees and Defendant filed an objection to the same. The issue is ripe for decision.

Plaintiff brought its Motion under Federal Rule of Civil Procedure 37,

MEMORANDUM OF DECISION - 1

incorporated by Fed. R. Bankr. P. 7037.[1] Civil Rule 37(a)(5)(A) makes an award of fees and costs mandatory. As one bankruptcy court has noted:

> The great operative principle of [this Rule[2]] is that the loser pays. Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims.

*Kipperman v. Quiroz (In re Commercial Money Ctr.)*, 2006 WL 6589751, at *5 (Bankr. S.D. Cal. June 29, 2006) (quoting *Rickels v. City of South Bend, Indiana*, 33 F.3d 785, 786–87 (7th Cir. 1994)). The Rule "presumptively requires every loser to make good the victor's costs." *Rickels*, 33 F.3d at 786.[3]

The requirement in Civil Rule 37(a)(5)(A) that the award be of "reasonable expenses" invokes the Court's discretion in establishing the proper amount after reviewing the fees and costs claimed. *See generally* 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice &*

---

[1] The Rule states in pertinent part:

If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

[2] The citation was to Rule 37(a)(4), a predecessor to current Rule 37(a)(5).

[3] The "loser pays" approach of the Rule is ameliorated by the flexibility granted the Court in situations where the loser's ultimately unsuccessful opposition is found "substantially justified," or where circumstances make the award unjust, or where the compulsion motion was filed before the movant made a good faith attempt to obtain discovery without court action. *See* Rule 37(a)(5)(A)(i)–(iii). None of those situations are presented here.

MEMORANDUM OF DECISION - 2

*Procedure* § 2288 (3d ed. 2010).[4] Here, Plaintiff submits $5,904.50 is a reasonable amount, while Defendant claims $523.00 is reasonable. The Court concludes neither is correct.

Civil Rule 37(a)(5) is self-limiting. It does not allow for recovery of all fees and expenses related to all discovery, or even to all fees and expenses related to the disputed discovery.[5] Instead, the Rule allows an award of the reasonable expenses "incurred in making the motion." While this extends beyond the mere drafting and filing of the compulsion motion and the hearing thereon, care should be taken not to extend the reach of this cost-shifting rule beyond its intended scope and purpose which, as discussed above, is to encourage consensual resolution of discovery disputes rather than involving the Court. The function of the Rule is to compensate the successful party when recourse to the Court is required, and for the reasonable expenses "incurred in making [that] motion."

In applying these standards, the Court notes Plaintiff's fee affidavit lists services that extend beyond this limitation, including an initial review of the discovery responses. However, most of the entries in the request address the services rendered in making the Motion and obtaining relief thereon.

In addressing these entries, Defendant objects to the "lumping" of the attorney services on a given day into a single entry with a single charge, even

---

[4] *See also Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978) (noting that imposition of discovery sanctions is discretionary).

[5] *Accord Tollett v. City of Kemah*, 285 F.3d 357, 367–68 (5th Cir. 2002).

MEMORANDUM OF DECISION - 3

where several discrete services are involved.  As this Court noted in *Charterhouse Boise Downtown Props., LLC, v. Boise Tower Assocs., LLC, (In re Charterhouse Boise Downtown Props., LLC)*, 2010 WL 1049968 (Bankr. D. Idaho Mar. 17, 2010), an attorney can chose whatever format for fee billings the attorney prefers, but if expecting others to pay and the Court to compel payment, the attorney must expect to account for legal services with sufficient precision to allow for effective judicial review.  *Id.* at *4 n.4.  The "lumping" of services, or "block billing," defeats such a review.  *Id.* at *4; *see also Kilborn v. Haun (In re Haun)*, 396 B.R. 522, 532–33 (Bankr. D. Idaho 2008); *In re Jones*, 356 B.R. 39, 45–46 (Bankr. D. Idaho 2005).  Upon a review of Plaintiff's fee affidavit, lumping is prevalent and Defendant's objection on this point is well taken.

Finally, Defendant objects to the overall reasonableness of the fees requested.  Defendant notes the involvement of two attorneys and the consequent increase in fees.  While there may be reasons for such a staffing decision, they are not immediately identifiable by the Court from the record.  It appears that while the senior attorney and the associate attorney were involved in the process, the associate bore the laboring oar.  Both attorneys attended the hearing on the Motion, but only the associate attorney presented arguments to the Court.  In preparing and attending the hearing, the senior attorney billed 2.7 hours ($985.50).  While supervision of the associate attorney may have been beneficial to the firm, it is not reasonable to charge Defendant for such time.  Defendant's objection to that specific entry has merit.  The Court has reviewed the entirety of the request on this

MEMORANDUM OF DECISION - 4

score and finds this one entry is the most problematic.

Defendant also focuses generally on the associate attorney's hours and time, arguing that the time expended was excessive. Again, the Court concurs. Thoroughness has its merits, but in the context of fee shifting following discovery disputes the Court is required to exercise its discretion and determine what is "reasonable" and appropriate for an award that furthers the policy and purpose of the Rules. Here, given the issues addressed by the Motion, the associate attorney invested more time than is reasonable to charge the losing party. However, Defendant's suggestion that fees should be reduced to approximately 10 percent of the overall request is neither persuasive nor appropriate.

While the fee affidavit suffers some deficiencies, it is clear that Plaintiff was reasonably required to expend a number of hours to prepare and prosecute the Motion. The Court has carefully reviewed the submissions. A line by line explication of the Court's review of the time entries is neither required nor useful. Given its experience concerning discovery disputes and attorney fee awards, the Court concludes $2,900.00 is a reasonable fee incurred in making the Motion, and it will enter an Order awarding the same.

DATED: March 15, 2017

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 5